*Tagged opinion*



**ORDERED in the Southern District of Florida on January 21, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | Case No. 24-16093-BKC-LMI |
| | Chapter 13 |
| MICHAEL SHAWN FLETCHER, | |
| Debtor. _____/ | |
| ASHLEY JULIET ROJAS, JULIAN ROJAS, MARIA NUBIA ROJAS, | ADV. NO. 24-01400-LMI |
| Plaintiff(s), vs. | |
| MICHAEL SHAWN FLETCHER, an individual, | |
| Defendant. _____/ | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TO ENFORCE STIPULATION AND CONSENT FINAL JUDGMENTS**

THIS CAUSE came before the Court for hearing on January 7, 2025 at 10:30 a.m. (the "Hearing") upon the *Motion to Dismiss Plaintiffs* [sic] *Adversary Complaint with Prejudice and to Enforce Stipulation and Consent Final Judgments* (ECF #15) (the "Motion") filed by the Defendant and *Plaintiffs' Response to Defendant's Motion to Dismiss* (ECF #18) (the "Response") filed by the Plaintiffs. The Court has considered argument of counsel, reviewed the Motion, the Response, the cases cited by the parties, the record, and all relevant matters.

On July 1, 2024, Defendant filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, under case number 24-16093-LMI (the "Petition Date"). On October 10, 2024, Plaintiffs initiated this action by filing the complaint (ECF #1) (the "Complaint") against Defendant seeking a determination of non-dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2)(A). Pre-petition, Plaintiffs and Defendant were involved in state court litigation (the "State Court Action").[1] The parties resolved the State Court Action pursuant to a *Stipulation to the Entry of Consent Final Judgments* which resulted in the entry of a *Consent Final Judgment* in favor of Plaintiffs and against the Defendant (the "Consent Judgment").[2]

In the Motion, Defendant seeks dismissal of the Complaint with prejudice on the basis that the Complaint is barred by *res judicata* or collateral estoppel.

---

[1] Case No. 2022-014627-CA-01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.
[2] The *Stipulation to the Entry of Consent Final Judgments* and *Consent Final Judgment* entered in the State Court Action is attached to the Motion.

2

Defendant argues that the Complaint reiterates the same allegations of fraud that were alleged and fully litigated in the State Court Action and that the Consent Judgment bars Plaintiffs from relitigating the same issues in this case. Plaintiffs counter that neither is applicable, and the Complaint is not subject to dismissal on those grounds.

At the Hearing, Defendant conceded that *res judicata* does not apply so this opinion only addresses the collateral estoppel argument.

As the Court wrote in *In re Nunez*:

> Collateral estoppel, or issue preclusion, prohibits a party from relitigating issues of fact or law that were litigated in a prior court proceeding so long as the parties are identical, the issues are identical, and the matter has been fully litigated in a court of competent jurisdiction. *U.S. v. Weiss,* 467 F.3d 1300 (11th Cir.2006). . . .
>
> When applying collateral estoppel in the context of a Florida state court judgment, the Florida law of collateral estoppel applies. *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672 (11th Cir.1993); *Dimmitt & Owens Fin., Inc. v. Green (In re Green),* 262 B.R. 557 (Bankr.M.D.Fla.2001). Of course, "the standard of proof in the prior [state court] action must have been at least as stringent as the standard of proof in the later case." *In re St. Laurent,* 991 F.2d at 676.
>
> Under Florida law, even "[a] pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the 'actually litigated' element of collateral estoppel under Florida law." *Lang v. Vickers (In re Vickers),* 247 B.R. 530, 535 (Bankr.M.D.Fla.2000). *Accord Dimmitt & Owens Fin., Inc. v. Green (In re Green),* 262 B.R. 557; *Lasky v. Itzler (In re Itzler),* 247 B.R. 546 (Bankr.S.D.Fla.2000).

*In re Nunez,* 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008).

The parties disagree whether the Consent Judgment satisfies the "actually

litigated" element in order to be subject to collateral estoppel. Plaintiffs argue that the Consent Judgment was not actually litigated because the Consent Judgment makes no findings of fraud, explicitly avoids any determination of fraud or intent to deceive, and there is no evidence that issues of fraud or reliance were ever submitted for determination and determined by the state court. Defendant argues that the parties' intended that the Consent Judgment be a final adjudication of the factual issues between the parties and therefore was actually litigated and entitled to preclusive effect.

The Court has reviewed the cases cited by the parties[3] and agrees with the Defendant that collateral estoppel *can* apply to consent judgments and that whether a consent judgment satisfies the "actually litigated" element is determined by the intention of the parties. "[T]he very purpose of [consent] decrees is to avoid litigation, so the requirement of actual litigation necessary to preclusion always will be missing. Instead, the central inquiry in determining the preclusive effect of a consent judgment is the intention of the parties as manifested in the judgment or other evidence." *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987) (internal citations and quotations omitted). However, a determination of intent, just like in all of the cases cited by the parties, would ordinarily be resolved at the summary judgment stage and not at the motion to dismiss stage. Therefore, at a minimum, the Motion is premature.

But nonetheless, in this instance, the Court can rule on the Motion, without

---

[3] *See Notice of Filing Citation of Authorities* (ECF #20) filed by Defendant; *Notice of Filing List of Authorities* (ECF #21) filed by Plaintiffs.

having to address the issue of the parties' intent for purposes of whether the Consent Judgment was "actually litigated." This is because, even if collateral estoppel would otherwise apply to the Consent Judgment, in this case there is nothing to which collateral estoppel can apply because the Consent Judgment, unlike the consent judgments in all of the cases cited by the parties, explicitly makes *no* factual findings other than the amount of the debt. Therefore, the Court finds that the Complaint is not barred by collateral estoppel. For the reasons set forth herein, it is

**ORDERED AND ADJUDGED**:

1.   The Motion is **DENIED**.

2.   The Defendant shall file a response to the Complaint no later than 21 days after the entry of this Order.

###

Copies furnished to:
Christina Vilaboa-Abel, Esq.
Amida Frey, Esq.
Michael Shawn Fletcher

*Attorney Vilaboa-Abel is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*